UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVGENIY VIKTOROVICH GUBANOV,<br><br>                                    Petitioner,<br><br>v.<br><br>GREGORY J. ARCHAMBEAULT, San Diego Field Office Director, Immigration and Customs Enforcement; JESUS REYNA, Calexico Assistant Field Office Director, Immigration and Customs Enforcement; SIXTO MARRERO, Facility Administrator, Imperial Regional Detention Facility; MATTHEW T. ALBENCE, Deputy Director and Senior Official Performing the Duties of the Director of Immigration and Customs Enforcement; and CHAD WOLF, Acting Secretary of Homeland Security,<br><br>                                    Respondents. | Case No.:  3:20-cv-02508-WQH-KSC<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Evgeniy Viktorovich Gubanov (ECF No. 1).

## PROCEDURAL BACKGROUND

On December 24, 2020, Petitioner Evgeniy Viktorovich Gubanov filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 naming Respondents Gregory J. Archambeault, Jesus Reyna, Sixto Marrero, Matthew T. Albence, and Chad Wolf (ECF No. 1) and a Motion for Leave to Proceed in Forma Pauperis ("Motion for Leave to Proceed IFP") (ECF No. 2). Petitioner alleges that he is an immigration detainee at the Imperial Regional Detention Facility ("IRDF"). *See* ECF No 1 at 2. Petitioner alleges that he was ordered removed to Russia on November 18, 2008 but Defendants' removal efforts were unsuccessful and Petitioner was released on Order of Supervision on May 29, 2009. *See id.* at 4-5. Petitioner alleges that he was taken into custody on March 11, 2020 when Defendants renewed their efforts to remove Petitioner to Russia. *See id.* at 5. Petitioner alleges that he has inquired about the status of his removal and was informed that his removal is still pending. *See id.* at 5-6. Petitioner alleges that he is being indefinitely detained in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See id.* at 6. Plaintiff brings the following three causes of action: (1) violation 8 U.S.C. § 1231(a)(6), (2) violation of substantive due process; and (3) violation of procedural due process. *See id.* at 8-9. Petitioner requests that the Court "[g]rant Petitioner a writ of Habeas Corpus directing the Respondents to immediately release Petitioner from custody, under reasonably condition of supervision." *Id.* at 9.

On January 4, 2021, the Court granted Petitioner's Motion for Leave to Proceed IFP and ordered Respondents to show cause why the Petition should not be granted by filing a written return. (ECF Nos. 3, 4). On January 11, 2021, Respondents filed a Return to the Petition. (ECF No. 7). On January 19, 2021, Petitioner filed a Traverse. (ECF No. 8).

## FACTS

"Petitioner was born in the former Union of Soviet Socialist Republics (U.S.S.R.)." Rosiles Decl. ¶ 4, ECF No. 7-3 at 2. "On September 25, 1990, [Petitioner] immigrated to the United States." *Id.* "On July 27, 2007, Petitioner was convicted of [e]vading a [p]eace [o]fficer and [v]ehicle [t]heft and sentenced to 3 years and 4 months in [p]rison." *Id.* ¶ 5,

ECF No. 7-3 at 2. "On October 26, 2007, Petitioner was convicted of [b]urglary and sentence[d] to 1 year and 4 months in prison." *Id.* ¶ 6, ECF No. 7-3 at 2. "On September 17, 2008, Petitioner was served with a Notice to Appear charging that he was removable from the United States as an individual, who after admission, was convicted of an aggravated felony and two crimes involving moral turpitude." *Id*. ¶ 7, ECF No. 7-3 at 2. "On November 18, 2008, [Petitioner] was ordered removed to Russia, by an Immigration Judge in Imperial, California." *Id*.

"On November 24, 2008, [Immigration and Customs Enforcement] [(']ICE[')] submitted a request to the Consulate of Russia in San Francisco, California, for a travel document [ ] to Russia for Petitioner." *Id*. ¶ 8, ECF No. 7-3 at 2. "On December 4, 2008, the Russian Consulate General asked ICE for additional documentation to begin the procedure of confirming Petitioner's Russian citizenship." *Id*. "ICE never received a grant or denial of this [travel document] request." *Id*.

"On May 30, 2009, Petitioner was released from ICE custody under supervision." *Id*. ¶ 9, ECF No. 7-3 at 2. "During his supervised release, Petitioner informed [ICE] that he had requested a passport from Russia." *Id*. "On October 31, 2011, Petitioner was convicted of [e]vading a [p]eace [o]ffice[r] and sentence[d] to 3 years in prison." *Id*. ¶ 10, ECF No. 7-3 at 2. "On November 17, 2013, Petitioner was convicted of [e]vading a [p]eace [o]fficer, [p]ossession of a [c]ontrolled [s]ubstance[,] and [v]ehicle [t]heft and was sentenced to 4 years and 90 days in [p]rison." *Id*. ¶ 11, ECF No. 7-3 at 2. "On March 12, 2019, Petitioner was convicted of [b]urglary, committed in 2015, and [m]anslaughter, committed in 2016." *Id*. ¶ 12, ECF No. 7-3 at 2. "For those crimes [Petitioner] was sentenced to seven years and eight months in state prison, this included a three-year enhancement for prior prison terms." *Id*. ECF No. 7-3 at 2-3. "On March 11, 2020, Petitioner was released from state custody and his supervised release was revoked." *Id*. ¶ 13, ECF No. 7-3 at 3. Petitioner "was subsequently detained at IRDF." *Id*.

"On April 8, 2020, a new [travel document] request was sent to the Russian Embassy in Washington D.C." *Id*. ¶ 14, ECF No. 7-3 at 3. "On April 17 and 30, 2020,

[ICE]'s Removal and International Operations (['']RIO['']), in Washington, D.C. contacted the Russian Embassy for a status on the travel documents." *Id*. ¶ 15, ECF No. 7-3 at 3. "On April 21 and 30, 2020, RIO asked the United States Department of State for assistance in obtaining a [travel document] from Russia." *Id*. "On May 14, 2020, RIO was contacted by the Russian Embassy requesting additional information on Petitioner's addresses in the U.S.S.R and $117 for the continuation of citizenship verification." *Id*. ¶ 16, ECF No. 7-3 at 3. "On July 23, 2020, a money order was sent to the Russian Embassy in Washington, D.C." *Id*. ¶ 17, ECF No. 7-3 at 3. "On September 1, 2020[,] [ICE] received an email from Russian Embassy confirming that they received the money order and the request was being sent to the Russian Interior Ministry to complete the procedure of the confirmation of Petitioner's citizenship." *Id*. ¶ 18, ECF No. 7-3 at 3. "On September 15, 2020, . . . RIO . . . received notice, from the Consular Division of the Embassy of the Russian Federation, that they could not proceed with the request for issuance of a Russian travel document because they had no records of [Petitioner] being a Russian citizen and [Petitioner] had never resided in the Russian Federation and has not applied for Russian citizenship." *Id*. ¶ 19, ECF No. 7-3 at 3.

"On October 20, 2020, [ICE] emailed requests to the Consul General of Kazakhstan and Embassy of the Kyrgyz Republic, both in Washington, D.C. and to the Consulate General of Uzbekistan in New York, NY, to determine if they would accept Petitioner as a deportee from the United States." *Id*. ¶ 20, ECF No. 7-3 at 3. "These three requests are still pending a response." *Id*. "[O]n some occasions, [ ] countries have accepted nationals of other countries, hence [the] request[s] to the three countries neighboring Russia and closest to Petitioner's city of birth." *Id*. ECF No. 7-3 at 3-4.

"From March 11, 2020, to present [ICE] has conducted 3 custody reviews." *Id*. ¶ 21, ECF No. 7-3 at 4. "Based on [Petitioner's] criminal history, history of criminal activity while on supervised release, and the continuing efforts to obtain a travel document the decision is to continue his detention." *Id*. "ICE will continue its efforts to obtain a travel document for Petitioner." *Id*. ¶ 22, ECF No. 7-3 at 4. "Once a travel document is obtained,

ICE will complete the travel [ ] arrangements and remove Petitioner as expeditiously as possible." *Id*.

## DISCUSSION

Petitioner contends that his civil detention has been unlawfully prolonged because he has been detained for over six months since re-entering custody and there is no reasonable foreseeability of Petitioner's removal to Russia. Respondents contend that "Petitioner has not demonstrated that there is no significant likelihood of removal in the reasonably foreseeable future" and that "[d]elay alone does not satisfy his burden." (ECF No. 7 at 2). Respondents assert that "ICE's requests for a travel document [ ] for Petitioner from three countries remain pending." *Id*. Respondents contend that "Petitioner's habeas petition should be denied to allow ICE additional time to effect his removal." *Id*.

To succeed on a habeas petition, a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3). Pursuant to 8 U.S.C. § 1231, "when an alien is ordered removed from the United States, the Attorney General is obliged to facilitate that individual's actual removal within 90 days, a period called the 'removal period.'" *Xi v. U.S. I.N.S.*, 298 F.3d 832, 834-35 (9th Cir. 2002) (quoting 8 U.S.C. § 1231(a)(1)). "During the removal period, the Attorney General is required to detain an individual who has been ordered removed on certain specified grounds." *Id*. at 835 (citing 8 U.S.C. § 1231(a)(2)). "Congress, however, recognized that securing actual removal within 90 days will not always be possible. Consequently, [8 U.S.C. § 1231] authorizes detention beyond the removal period . . . ." *Id*. (citing 8 U.S.C. § 1231(a)(6)). 8 U.S.C. § 1231(a)(6) "does not permit indefinite detention . . . ." *Id*. at 836 (quoting *Zadvydas*, 533 U.S. at 689). 8 U.S.C. § 1231, "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. The Attorney General may detain an alien subject to a final removal order for a "presumptively reasonable period" of six months. *Id*. at 701. After

this six-month period, an alien's "continued detention is permissible if his removal is reasonably foreseeable." *Xi*, 298 F.3d at 839 (citing *Zadvydas*, 533 U.S. at 699-701).

The petitioner "has the burden to provide 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]'" *Id*. at 839-40 (quoting *Zadvydas*, 533 U.S. at 701). The petitioner's allegations must go beyond "the absence of an extant or pending repatriation agreement [and] giv[e] due weight to the likelihood of successful future negotiations." *Zadvydas*, 533 U.S. at 702. However, the allegations need not demonstrate "the absence of *any* prospect of removal . . . ." *Id*. "[O]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. at 701. The government may rebut the detainee's showing with "evidence of progress . . . in negotiating a petitioner's repatriation . . . ." *Kim v. Ashcroft*, No. 02CV1524-J (LAB), 2003 U.S. Dist. LEXIS 30818, at *11 (S.D. Cal. June 2, 2003) (citing *Khan v. Fasano*, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001); *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

In this case, Petitioner "was ordered removed to Russia, by an Immigration Judge in Imperial, California" on November 18, 2008. Rosiles Decl. ¶ 7, ECF No. 7-3 at 2. Petitioner was taken into ICE custody on March 11, 2020 when he "was released from state custody and . . . subsequently detained at IRDF." *Id*. ¶ 13, ECF No. 7-3 at 3. Petitioner has been detained for more than six months since re-entering custody. Petitioner alleges that he "is from Russia the former USSR . . . ." (ECF No. 1 at 3). However, ICE officer Jose L. Rosiles states in a sworn declaration that the Embassy of the Russian Federation informed ICE on September 15, 2020 that "they had no records of [Petitioner] being a Russian citizen", that Petitioner "had never resided in the Russian Federation", and that Petitioner "has not applied for Russian citizenship." Rosiles Decl. ¶ 19, ECF No. 7-3 at 3. Officer Rosiles states that "[i]t has been [his] experience, on some occasions, that countries have accepted nationals of other countries . . . ." *Id*. ¶ 20, ECF No. 7-3 at 3-4. Officer Rosiles states that he emailed requests to the Consul General of Kazakhstan, the Embassy

of the Kyrgyz Republic, and the Consulate General of Uzbekistan on October 20, 2020 "to determine if they would accept Petitioner as a deportee from the United States" because these "three countries neighbor[ ] Russia and [are the] closest to Petitioner's city of birth." *Id*. Officer Rosiles states that ICE has conducted three custody reviews since March 11, 2020 and has decided to continue Petitioner's detention "[b]ased on [Petitioner's] criminal history, history of criminal activity while on supervised release, and the continuing efforts to obtain a travel document . . . ." *Id*. ¶ 21, ECF No. 7-3 at 4. Officer Rosiles states that "ICE will continue its efforts to obtain a travel document for Petitioner" and that "[o]nce a travel document is obtained, ICE will complete the travel [ ] arrangements and remove Petitioner as expeditiously as possible." *Id*. ¶ 22, ECF No. 7-3 at 4.

Respondents have set forth evidence that demonstrates progress and the reasons for the delay in Petitioner's removal. Travel documents have been requested. The Consul General of Kazakhstan, the Embassy of the Kyrgyz Republic, and the Consulate General of Uzbekistan are reviewing requests to accept Petitioner as a deportee from the United States. Progress is being made on Petitioner's case as recently as October 20, 2020. The Court concludes that Petitioner has failed to meet his burden to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Xi*, 298 F.3d at 839-40 (quoting *Zadvydas*, 533 U.S. at 701).

## CONCLUSION

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Evgeniy Viktorovich Gubanov (ECF No. 1) is DENIED. The Clerk of the Court shall close the case.

Dated: January 25, 2021

Hon. William Q. Hayes
United States District Court